**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

       vs.                                            **CASE NO: 8:19-cr-004-WFJ-TGW**

**GABRIEL ALEJANDRO VALENCIA SEGURA**

**DEFENDANT GABRIEL ALEJANDRO VALENCIA SEGURA'S**
**SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**

      Defendant, Gabriel Alejandro Valencia Segura, by and through the undersigned counsel, hereby files this Sentencing Memorandum and respectfully moves for a variance from the sentence recommended by the United States Sentencing Guidelines, and states as follows:

**I.    INTRODUCTION**

      The Defendant, Gabriel Alejandro Valencia Segura, will be before the Court for sentencing on Thursday, June 6, 2019. The Presentence Report ("PSR") as calculated yields a guideline score of 33 with a guideline range of 121 to 151 months of imprisonment. Mr. Valencia Segura seeks a variance based his personal circumstances and the facts of his case.

**II.    PERSONAL BACKGROUND AND RELEVANT HISTORY**

      Mr. Valencia Segura was born in Tambillo, Ecuador, into difficult family circumstances and poverty. He is not aware of his birthday nor who his father is. Mr. Valencia Segura was raised by his working mother until the age of eight, when, thereafter, he moved into the home of his grandparents where he remained until the age of fourteen or fifteen. While his grandparents shared their love, they were unable to provide for basic needs, such as food and clothing, that a young adult requires. Mr. Valencia Segura eventually left the home of his

grandparents and resided with his aunt, who was better able to provide for him, from an economic standpoint, but he nevertheless remained in an environment of destitution.

Mr. Valencia Segura eventually moved from his aunt's residence, and into his own home that consisted of two rooms and no running water. Despite beginning to work as a baker and fisherman at a very young age, after dropping out of school in sixth grade, Mr. Valencia Segura has remained in an economic position of poverty his entire life. Immediately prior to Mr. Valencia Segura's arrest, he could not provide for himself and his day-to-day needs. In desperation, he made the decision to participate in the criminal activity which ultimately led to his position before the Court.

With regard to the current charges, on December 28, 2018, Mr. Valencia Segura, along with two (2) codefendants, were detained by the United States Coast Guard after cocaine was discovered aboard their vessel.  On January 3, 2019, Mr. Valencia Segura was indicted for conspiracy to distribute and possession with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46 U.S.C. sections 70503(a) and 70506(a) and (b), and Title 21 U.S.C. sections 906(b)(1)(B)(ii). [Dkt. #1].  Mr. Valencia Segura was arraigned on January 9, 2019, and detention was ordered. [Dkt. #10].

Mr. Valencia Segura was one of the first defendants to enter a plea in this matter [Dkt. #22], and on February 27, 2019, a change of plea hearing was held before Judge Wilson.  Mr. Valencia Segura pleaded guilty to Count I of the Indictment charging conspiracy to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46 U.S.C. sections 70503(a) and 70506(a) and (b), and Title 21 U.S.C. section 960(b)(1)(B)(ii).

**SENTENCING GUIDELINES**

The PSR, applying the 2018 Guidelines Manual, calculated a total offense level of 33 resulting in an advisory range of 121-151 months incarceration. Mr. Valencia Segura's criminal history category is I. He received a three-level reduction for acceptance of responsibility, and a two-level reduction for satisfying the five criteria for safety valve. Accordingly, Mr. Valencia Segura respectfully requests he be sentenced below the statutory mandatory minimum pursuant to Section 402 of the First Step Act.

### III.  MOTION FOR VARIANCE

Due to the nature and circumstances surrounding the incident and the personal history and circumstances of Mr. Valencia Segura, he respectfully requests that this Honorable Court impose a sentence below his advisory guideline range.

As this Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. United States v. Booker, 543 U.S. 220, 245-267 (2005). The United States Supreme Court in Booker gave judges the flexibility to use the sentencing range produced by the Guidelines as a "starting point" or "initial bench mark." Gall v. United States, 552 U.S. 38, 49 (2007).

Moreover, in United States v. Talley, 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-Booker, advisory Sentencing Guidelines era. "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." Id. at 786. Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide

just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. Id. See also 18 U.S.C. §3553(a). "The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

In the instant case, Mr. Valencia Segura cooperated in the investigation and was truthful from the beginning. He was one of the first defendants to take responsibility and enter a plea to the charges. Additionally, Mr. Valencia Segura is a category I offender and the facts of this case are absent of any violence. The length of time a defendant was a law-abiding citizen before committing his or her first criminal offense is an important factor in sentencing. *See, e.g.*, United States v. Ward, 814 F. Supp. 23, 24 (E.D. Va. 1993) (granting departure based on defendant's age as first-time offender since guidelines do not "account for the length of time a particular defendant refrains from criminal conduct" before committing his first offense).

Mr. Valencia Segura submits that a sentence below the guideline range is appropriate and reasonable and will result in adequate deterrence. This incident was nonviolent, Mr. Valencia Segura's criminal history category is I, and he took immediate responsibility for his conduct. A sentence below the guideline range would accomplish the goals of §3553(a) and reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Should Mr. Valencia Segura be sentenced to a term of imprisonment, he would like to continue his education and learn English. Moreover, he wishes to learn a trade and is interested in baking, and cooking.

## IV. CONCLUSION

Based on the circumstances set forth above, a variance from the advisory guideline range should be considered in this case. It is respectfully suggested that the Court should exercise its discretion and impose a sentence below the advisory guideline range.

DATED this 3rd day of June, 2019.

Respectfully submitted,

*s/Rebecca L. Castaneda*
REBECCA L. CASTANEDA, ESQ.
The Castaneda Law Firm
506 North Armenia Avenue
Tampa, Florida 33609
Tel: (813) 708-8864
Fax: (813) 701-3697
rc@attorneyrebeccacastaneda.com
Attorney for Defendant
Florida Bar No. 1007926

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on June 3, 2019, with the Clerk of the Court using the CM/ECF system which will automatically transmit an electronic copy to:

**AUSA Nicholas DeRenzo**

                                                By:   *s/Rebecca L. Castaneda*
                                                            Rebecca L. Castaneda