UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**,
    Plaintiff,
v.                                                     Case No. 8:19-CR-00004-WFJ-TGW

**EDUAR JACINTO QUIROZ IBARRA,**
    Defendant.
_____/

## SENTENCING MEMORANDUM OF THE DEFENDANT, EDUAR JACINTO QUIROZ IBARRA

COMES NOW Defendant, **EDUAR JACINTO QUIROZ IBARRA**, by and through undersigned counsel, and hereby submits the following memorandum of law, for consideration by the Court at sentencing for this matter:

## SENTENCING MEMORANDUM

Pursuant to 18 U.S.C. §3553 and *U.S. v. Booker,* 125 S.Ct. 738 (2005), the Defendant requests the Court to depart from the Guidelines and sentence him to the low-end of Level 31 which provides for 108 months incarceration.

### I. Minor Role Reduction

Pursuant to USSG §3B1.2(b), Defendant Quiroz Ibarra should qualify for a two-level reduction in his sentence as a minor participant because his participation was limited in scope and his involvement was less than other co-conspirators. USSG §3B1.2(b) provides that a Defendant who is a minor participant in a criminal activity is permitted to receive a two (2)-level reduction in his guidelines calculation. Application Note 3(A) <u>Applicability of Adjustment</u>, of the USSG handbook states: [a] Defendant who is accountable under 1B1.3 (relevant conduct) only for the conduct in which the Defendant personally was involved and who performs *a limited function* in concerted criminal activity *is not precluded* from consideration for an adjustment under this guideline. (emphasis added)

The sum total of Defendant's involvement demonstrates that he was a mariner on a small boat,

1

and merely assisted co-Defendant Miguel Angel Valencia Ramirez as a deck-hand. Defendant never organized, directed, guarded, loaded, unloaded, packaged, prepared, possessed or had any contact with drugs during any of the events as alleged. The Defendant did not plan the activity, did not handle any money or cocaine, did not operate the boat, did not distribute or sell the drugs, nor did he receive a substantial percentage of the profits from the transaction. As stated during post-arrest his interview with DEA Agents, the Defendant did not observe the narcotics on the boat at any point, as they were loaded and concealed in the hidden compartment prior to his arrival. The Defendant was slightly more than a passenger on the boat. As such, he should receive a two-level reduction for his minor role.

## II. Acceptance of Responsibility

Upon arrest, the Defendant immediately showed a desire to cooperate with the government. The Defendant acknowledged his wrongdoing in the present case, and notified the Court in a timely manner of his intent to plea which saved the government the expense and resources of preparing for a trial on this matter. As such, Mr. Quiroz-Ibarra requests the third level/point reduction as in U.S.S.G. §3E1.1(a) and (b) pursuant to government motion and recommended in Paragraphs 30 and 31 and the PSIR.

## III. Personal and Family Characteristics

The Defendant adopts the facts as asserted in the personal and family data in the PSIR. The Defendant is one of seven children born to Eduro Ernesto Quiroz Cardenas and Miguela de los Santos Ibarra Ceden, in Canton El Palme, Ecuador. The Defendant's father worked as a fisherman, much like the Defendant, and as such his family was very poor during his childhood and as a result, the Defendant received very little education before he began working at the age of twelve.

The Defendant reported that he has seven children ranging in ages from 24 years old to 11 years old. Prior to his arrest for this matter, the Defendant was residing in a one-room sugar cane hut with his wife, seven children, and his son's wife. The Defendant advised that his wife is blind and suffers from stomach issues, and is therefore unable to work to provide for the family. In addition to his sick wife,

2

the Defendant's son and daughter are both ill and the Defendant has been unable to afford medical care for his children. Due to his health, the Defendant's son is also unemployed. The Defendant reported that since a devastating earthquake in Ecuador in 2016, he has been unable to find steady employment and his financial struggles have been therefore exacerbated since that time. The Defendant's involvement in the present offense was primarily motivated by his need to provide for his family and obtain medical care for his wife and children, based on his inability to find steady work since the this disaster occurred.

### IV. Low-End Sentence

The Defendant respectfully requests that based upon the totality of the circumstances in this case that he sentenced at the low end of the guidelines. It is not expected the Government would object to a sentence at the low end of the Advisory Guidelines.

## SENTENCING RECOMMENDATIONS

The Defendant wishes to serve his sentence of incarceration at USP Coleman or alternatively at FCI Jesup in Jesup, GA. The Defendant also wishes to participate in any educational programs while incarcerated, so that he may learn to read and write in English, and potentially earn his GED during incarceration. In addition, the Defendant hopes to participate in the UNICOR program to obtain vocational training to secure a position in the electrical industry upon his release.

## CONCLUSION

The Defendant respectfully requests this Honorable Court will find that he qualifies for a two-level reduction based on his minor participation in the overall conspiracy present in this case. The Defendant also requests this Honorable Court to sentence him at the low-end of the imprisonment range for Level 31, at 108 months incarceration. Lastly, the Defendant respectfully requests this Court to consider his personal characteristics and living conditions in determining an appropriate sentence for this matter, while honoring the sentencing recommendations set forth in this memorandum in anticipation of his sentencing hearing on June 20, 2019, at 9:00 a.m.

Respectfully submitted,

Law Offices of Charles M. Britt, III
1101 6th Avenue West
Bradenton, Florida 34205
O: (941) 747-4440
F: (941) 744-2873
CharlesBrittatty@aol.com


By: *s/ Charles M. Britt, III*
    Charles M. Britt, III, Esq.
    Florida Bar No. 0017944

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of June, 2019, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of Court, which will send a notice electronically to the Office of the United States Attorney.


By: *s/ Charles M. Britt, III*
    Charles M. Britt, III, Es
    Florida Bar No. 0017944